UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PIA HOLMES | CIVIL ACTION NO. 23-0153 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BELLSOUTH TELECOMMUNICATIONS, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Magistrate Appeal (Record Document 22) filed *pro se* by Plaintiff Pia Holmes ("Holmes"). The Magistrate Appeal was filed in response to an Order (Record Document 21) by Magistrate Judge Mark L. Hornsby which denied a request by Holmes to amend her Amended Complaint. Defendant BellSouth Telecommunications, LLC, d/b/a AT&T Louisiana Southeast ("BellSouth") opposes the Magistrate Appeal. See Record Document 26. Holmes filed a reply. See Record Document 27. For the reasons assigned below, the Magistrate Appeal (Record Document 22) is **DENIED** and Magistrate Judge Hornsby's Order (Record Document 21) is **AFFIRMED**.

**BACKGROUND**

On February 3, 2023, Holmes filed a Complaint and Motion for Preliminary Injunction in this Court in an attempt to get BellSouth, a telecommunications company, to remove equipment that Holmes claims was illegally placed on her property. See Record Documents 1 and 2. Holmes subsequently filed an Amended Complaint and BellSouth filed its Answer and Counterclaim. See Record Documents 6 and 11. On March 21, 2023, Holmes filed a motion entitled "Pro Se Reply to Defendant's Amended Counterclaim & Answer → and Request to Add Additional Causes of Action," in which

Holmes, among other things, requested to amend her Amended Complaint to include violations of the Fair Housing Act, the Clayton Act, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See Record Document 19. Magistrate Judge Hornsby denied Holmes's motion for leave to amend as frivolous, explaining that "[Holmes] has no such claims under the facts alleged in her [proposed] Amended Complaint." Record Document 21 at 1. In his order, Magistrate Judge Hornsby also suggested that the parties work together to resolve the case, suggesting that "[p]art of that should be to work with [BellSouth] to allow them to remove any equipment that [Holmes] contends is outside of a proper right-of-way or servitude." Id. at 1. On March 27, 2023, Holmes filed the instant appeal of Magistrate Judge Hornsby's Order. See Record Document 22.

## LEGAL STANDARD

The Federal Magistrates Act permits a magistrate judge to issue binding rulings on non-dispositive matters. See 28 U.S.C. § 636(b)(1)(A). A party who objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The court reviews the magistrate judge's legal conclusions de novo and his findings of fact under a clear error standard. See Spillers v. Chevron USA, Inc., No. 11-CV-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum, Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).

## ANALYSIS

It is within the district court's discretion to deny leave for amendment if amendment would be futile. See Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000). The Fifth Circuit has equated futility with failing to state a claim upon which relief can be granted. See id. To successfully state a claim upon which relief can be granted, the Federal Rules of Civil Procedure require that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8's pleading requirements are not a heavy burden, the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In this case, even through the lenient lens afforded to *pro se* pleadings, Holmes's proposed Amended Complaint does not satisfy Rule 8's pleading requirements. Holmes's proposed Amended Complaint merely concludes that "[i]f there is no other way to expedite the conclusion of these proceedings, . . . the plaintiff would like to amend her complaint to include violations of the Fair Housing Act, . . . the Clayton Act, and [RICO]." Record Document 19 at ¶ 22. However, Holmes does not provide any basis for her proposed claims under these Acts. Accordingly, Holmes's proposed Amended Complaint is futile and Magistrate Judge Hornsby's denial of her request for amendment was not clearly erroneous. Accordingly, Holmes's appeal is **DENIED**.

## CONCLUSION

For the foregoing reasons, Holmes's Magistrate Appeal (Record Document 22) is **DENIED** and Magistrate Judge Hornsby's order denying amendment (Record Document 21) is **AFFIRMED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 29th day of August, 2023.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE