UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PIA HOLMES | CIVIL ACTION NO. 23-0153 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BELLSOUTH TELECOMMUNICATIONS, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two motions filed *pro se* by Plaintiff Pia Holmes ("Holmes"). See Record Documents 2 and 14. The first is a Motion for Preliminary Injunction (Record Document 2) and the second is a Motion for Sanctions and Summary Judgment (Record Document 14). Defendant BellSouth Telecommunications, LLC d/b/a AT&T Louisiana ("BellSouth") opposes Holmes's Motion for Sanctions and Summary Judgment. See Record Document 24. Holmes filed a reply. See Record Document 25. For the reasons set forth below, Holmes's Motion for Preliminary Injunction and her Motion for Sanctions and Summary Judgment are hereby **DENIED**.

**BACKGROUND**

Holmes owns property in Shreveport, Louisiana, and claims that in January 2023, BellSouth, a telecommunications company, installed infrastructure outside the bounds of a nearby utility servitude and on her property. See Record Document 2 at 1. Specifically, Holmes alleges that BellSouth built "a corridor" and installed "a multiport switching device" which, in addition to illegally encroaching on her property, is improperly secured so that "[a]ny person with nefarious intent could jump [her] fence and use the unsecured multiport switching device as a detonator." Id. at 1-2. Holmes claims that after notifying BellSouth

of the alleged encroachment, the company "confirmed that [it] was not supposed to dig in the areas they did" but that "[i]nstead of removing the corridor, or putting it in the appropriate . . . easement location, [BellSouth] personnel immediately began jumping [her] back fence to connect homes . . . to the device in an unauthorized area behind [her] shed." Id. at 2.

On February 3, 2023, Holmes filed a Complaint against BellSouth, as well as a Motion for Preliminary Injunction and Restraining Order. See Record Documents 1 and 2. In her motion, Holmes asks the Court to issue a preliminary injunction ordering (1) BellSouth to secure the multiport switching device with a locking mechanism; (2) BellSouth to remove the corridor from Holmes's property, obtain a proper easement, or sign a lease with Holmes; (3) an environmental impact report; (4) BellSouth to pay rent in the amount of $75,000 per day until it removes the corridor or signs a lease with Holmes; (5) damages for trespass and punitive damages; and (6) BellSouth to provide notice to all residents whose service will be affected by removing the corridor. See id. at 3. Holmes also asks for "a protective order preventing [BellSouth] personnel from jumping [her] fence to operate their cable business from behind [Holmes's] shed." Id. at 1.

On February 13, 2023, Holmes filed an Amended Complaint raising claims for "Conversion [and] Continuing Trespass" and seeking "Punitive Damage[s] [and] Injunctive Relief." Record Document 6 at 1. Subsequently, BellSouth filed its Answer and Counterclaim. See Record Document 11. On March 9, 2023, Holmes filed a Motion for Sanctions and Summary Judgment. See Record Document 14.

## LEGAL STANDARDS

A. <u>Preliminary Injunction</u>

Federal Rule of Civil Procedure 65 permits the issuance of a preliminary injunction. <u>See</u> Fed. R. Civ. P. 65(a). Preliminary injunctions are extraordinary remedies "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." <u>Black Fire Fighters Ass'n v. City of Dall.</u>, 905 F.2d 63, 75 (5th Cir. 1990) (internal quotations omitted); <u>see also</u> <u>Cherokee Pump & Equip. Inc. v. Aurora Pump</u>, 38 F.3d 246, 249 (5th Cir. 1994). While the decision to grant or deny a preliminary injunction is ultimately left to the district court's discretion, granting "'a preliminary injunction is to be treated as the exception rather than the rule.'" <u>InPhaseMining.Com, LLC v. PetaWatt Massena, LLC</u>, No. 22-CV-140, 2022 WL 1715210, at *2 (E.D. La. May 10, 2022) (citing <u>Apple Barrel Prods., Inc. v. Beard</u>, 730 F.2d 384, 386 (5th Cir. 1984) and quoting <u>Miss. Power & Light Co. v. United Gas Pipe Line Co.</u>, 760 F.2d 618, 621 (5th Cir. 1985)). In considering a motion for preliminary injunction, the Fifth Circuit has held that district courts need not hold an evidentiary hearing if the facts are not in dispute. <u>See</u> <u>Sierra Club, Lone Star Chapter v. FDIC</u>, 992 F.2d 545, 551 (5th Cir. 1993).

B. <u>Motion for Summary Judgment</u>

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A

3

dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002) (quoting Fed. R. Civ. P. 56(c)). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. See id. In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."[1] Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp., 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

## ANALYSIS

A.  Motion for Preliminary Injunction

A party must prove four elements to be entitled to preliminary injunctive relief or a temporary restraining order: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. See DSC

---

[1] The Court does not rely on any disputed facts in coming to its decision and, thus, need not hold an evidentiary hearing.

Commc'ns Corp., v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996). While the moving party must establish all four factors, a clear showing of irreparable harm "is the 'most essential' prior to issuance of a preliminary injunction." Horton v. LeBlanc, No. 09-CV-0125, 2009 WL 1309717, at *2 (W.D. La. May 8, 2009) (quoting Lewis v. S.S. Baune, 534 F.2d 1115, 1121 (5th Cir. 1976)).

Even if there is a substantial likelihood that Holmes will succeed on her claims, Holmes has failed to establish the final three requirements necessary for a preliminary injunction. As to the second and most important factor, Holmes fails to show that there is a substantial threat of irreparable injury if the Court does not issue a preliminary injunction. As an initial matter, Holmes does not address how she will be harmed absent a preliminary injunction. As to the request for injunction to remove the innerduct, Holmes does not explain how a buried innerduct harms her, much less irreparably. And even if Holmes could show irreparable harm, at least some of this harm would not continue absent a preliminary injunction because BellSouth has informed the Court that it actively seeks to remove the encroaching innerduct from Holmes's property and return her property to its preexisting condition even without a preliminary injunction. Similarly, Holmes does not explain how she will suffer any kind of harm without a preliminary injunction as to the other relief she seeks – namely, awarding her damages, ordering an environmental impact report, and requiring BellSouth to send disconnection notice to its customers.

Relatedly, the lack of irreparable harm necessitates that Holmes fail the third element – whether Holmes's injury outweigh the harm that BellSouth would face from a preliminary injunction – because Holmes is unable to articulate any harm that BellSouth's

alleged conduct has caused her. Finally, Holmes does not address whether the preliminary injunction would disserve the public interest. Thus, because Holmes fails to clearly carry the burden of persuasion as to all of the elements required to establish the need for a preliminary injunction, Holmes's request for preliminary injunction is **DENIED**.

    B. Motion for Summary Judgment

The basis of Holmes's Motion for Summary Judgment appears to be BellSouth's alleged lack of due diligence in responding to her pleadings. However, there is no legal basis for granting summary judgment on these grounds. As explained supra, a motion for summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Holmes has not offered any argument or pointed to anything in the record to indicate that there is not a genuine issue of material fact or that she is entitled to judgment as a matter of law. Accordingly, Holmes's motion for summary judgment is **DENIED**.

    C. Motion for Sanctions

Finally, Holmes requests that the Court impose sanctions on counsel for BellSouth due to their alleged lack of due diligence in raising defenses on behalf of BellSouth that Holmes deems "frivolous" and for responding to Holmes's Complaint rather than her Amended Complaint. Although Federal Rule of Civil Procedure 11(c)(b) allows a party to file a motion for sanctions in response to frivolous defenses, Holmes's request for sanctions fails. As an initial matter, Rule 11 mandates that a motion for sanctions be made separately from any other motion. See Fed. R. Civ. P. 11(c)(2). Holmes makes her request for sanctions in conjunction with her Motion for Summary Judgment and, thus, her motion is procedurally deficient. See Compeaux v. Adams, No. 96-CV-2146, 1997

WL 178643, *1 (E.D. La. Apr. 10, 1997). However, even if the Court were to consider Holmes's request, it would refuse to impose sanctions. Holmes appears to argue that BellSouth's defenses are frivolous because they fail on the merits and/or because they address claims made in her Complaint and not her Amended Complaint. However, the imposition of sanctions under Rule 11 is not appropriate for either of these reasons. Accordingly, Holmes's motion for sanctions is **DENIED**.

    D. <u>Future Motions by Holmes</u>

Since filing this instant lawsuit, Holmes has been quite active in motion practice. While actively litigating one's case is not in and of itself a negative thing, the number of meritless motions filed by Holmes in the short time that this case has been pending is troublesome. The Court is cognizant of Holmes's *pro se* status and acknowledges that courts apply a "reduced" standard of accountability to *pro se* litigants. See <u>Isenberg v. Chase Bank USA, N.A.</u>, 07-CV-096, 2007 WL 9718296, at *2 (N.D. Tex. Aug. 13, 2007) (citing <u>Horton v. Trans World Airlines Corp.</u>, 169 F.R.D. 11, 16 (E.D. N.Y. 1996)). Holmes is cautioned, however, that her *pro se* status does not afford her license to continue to file frivolous motions, and that courts take meritless motions for sanctions particularly seriously. See <u>Isenberg</u>, 2007 WL 9718296, at *3 ("Such motions, upon mere filing, can damage an attorney's reputation, immediately call upon that attorney to defend his integrity, and can place a chilling effect on the Court's bar, preventing its members from representing their clients with vigor and creative advocacy, or from seeking to persuade the Court to move the law in a new direction. Such motions, when frivolously filed, will not only harm the attorney that is its target, but may harm the Court as well by affecting the quality of the advocacy before it."). These risks also apply to Holmes's repeated,

7

baseless assertions that counsel for BellSouth is acting in bad faith. Holmes is warned that any future frivolous motions, particularly frivolous motions for sanctions, may result in appropriate sanctions against Holmes.

## CONCLUSION

Based on the foregoing analysis, Holmes's Motion for Preliminary Injunction (Record Document 2) is **DENIED**. Additionally, Holmes's Motion for Sanctions and for Summary Judgment (Record Document 14) is **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 29th day of August, 2023.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE