UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PIA HOLMES | CIVIL ACTION NO. 23-0153 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BELLSOUTH TELECOMMUNICATIONS, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment and Request for Additional Relief (Record Document 49) filed by Defendant BellSouth Telecommunications, LLC d/b/a AT&T Louisiana ("BellSouth"). Bellsouth argues there is no genuine issue of material fact regarding *pro se* Plaintiff Pia Holmes' ("Holmes") claims of conversion and violation of 47 U.S.C. § 206 and 47 U.S.C. § 207. See id. Bellsouth also asks that Holmes' trespass damages be limited in scope to the evidence provided of minor inconvenience and sod removal by the placement of underground facilities. See id. Finally, given Bellsouth's repeated failed attempts to remedy the trespass claim, it seeks an order allowing access to Holmes' property to remove any facilities which fall outside of the utility easement. See id. Holmes has opposed the motion. See Record Document 51. For the reasons set forth below, Bellsouth's Motion for Partial Summary Judgment is hereby **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

Holmes is a homeowner at 2020 Crabapple Drive, Shreveport, Louisiana. Her property is encumbered by a series of easements for use by utility companies, the city, and for drainage purposes. See Record Document 6 (Amended Complaint) at ¶ 9. Holmes alleges that in January 2023, BellSouth, a telecommunications company,

installed infrastructure outside the bounds of a nearby utility servitude and on her property.  See id. at ¶ 7.  Specifically, Holmes contends that BellSouth entered her property and "constructed impermissible surface and subsurface structures via a Fiber Optic Corridor . . . outside of any authorized easement without permission and against [her] will."  Id.  She maintains that the unauthorized encroachment is "continuing" and Bellsouth's occupancy is "hostile."  Id.

While Holmes has not obtained a survey of her property proving a trespass, Bellsouth has acknowledged through its own investigation that a portion of the underground innerduct encroaches on Holmes' property outside the utility easement. Moreover, Bellsouth maintains that Holmes has failed to provide any evidence of damages related to the trespass beyond removal of sod and minor inconvenience. Conversely, Holmes alleges mental anguish and further inconvenience because "a defective title requires a legal process."  Record Document 51-3 at ¶ 7.

On February 13, 2023, Holmes filed an Amended Complaint raising claims for "Conversion [and] Continuing Trespass" and seeking "Punitive Damage[s] [and] Injunctive Relief."  Record Document 6 at ¶ 1.  BellSouth filed its Answer and Counterclaim. See Record Document 11.  In its Counterclaim, Bellsouth noted that it had offered to remove the facilities and equipment placed outside the legal servitudes and to restore Holmes' property to its prior condition.  See id. at ¶ III.  Holmes refused and instead sought damages for each day the facilities and equipment remain.  See id. at ¶ IV.  More specifically, she seeks rent in the amount of $75,000 per day.  See Record Document 51-3 at 3.  Bellsouth now requests – pursuant to its Counterclaim – that Holmes be ordered to allow entry upon her property to allow removal and restoration to its prior condition.

2

See Record Document 11 at ¶ V; Record Document 49. Bellsouth further requested in its Counterclaim that to the extent its underground equipment is within a servitude, it be allowed to remain in its current position. See Record Document 11 at ¶ VI.

**LEGAL STANDARDS**

**I.     Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there

is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). To satisfy this burden, the nonmovant must identify specific evidence in the record, and articulate the "precise manner" in which that evidence supports the claim. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). Unsupported allegations that are conclusory in nature are insufficient to avoid summary judgment. See Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The nonmovant cannot rely on some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. See id.

Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). However, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

## II. Conversion

The Louisiana Civil Code does not specifically identify a cause of action for conversion. See Dual Drilling Co. v. Mills Equipment Investments, Inc., 98–0343, *4 (La.12/1/98), 721 So.2d 853, 856. Generally, "conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 760 (La.1985). In Louisiana, a tortious conversion act is only established upon proof of fault under Louisiana Civil Code Article 2315. See New Orleans Jazz & Heritage Found., Inc. v. Kirksey, 2009-1433 (La. App. 4 Cir. 5/26/10), 40 So. 3d 394, 405–06, writ denied, 2010-1475 (La. 10/1/10), 45 So. 3d 1100. "A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel." Id. Conversion claims are generally limited to movable property. See Constantin Land Tr. v. BP Am. Prod. Co., No. CIV.A. 12-179, 2012 WL 1069902, at *4 (E.D. La. Mar. 28, 2012).

## III. The Communications Act, 47 U.S.C. § 206 and 47 U.S.C. § 207

In her Amended Complaint, Holmes asserts claims under 47 U.S.C. § 206 and 47 U.S.C. § 207. Section 206 provides:

> In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby

5

> for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

47 U.S.C. § 206.  Section 207 provides:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C. § 207.  The purpose of these sections is to allow persons injured by violations of the Communications Act's "just and reasonable" section to bring federal-court damages actions.  Glob. Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc., 550 U.S. 45, 53, 127 S. Ct. 1513, 1519 (2007).  The "just and reasonable" section is a reference to Section 201(b), which provides:

> All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful.

47 U.S.C. § 201(b).

**IV.   Trespass**

The tort of trespass is recognized under Louisiana Civil Code Article 2315.  See Taylor v. Denka Performance Elastomer LLC, 332 F.Supp.3d 1039, 1055 (E.D. La. 2018), citing Richard v. Richard, 24 So.3d 292, 296 (La. App. 3 Cir. 2009).  "A trespass occurs when there is an unlawful physical invasion of the property or possession of another."  Id. Damages are recoverable based on physical property damage, invasion of privacy, inconvenience, and mental and physical suffering.  See Taylor, 332 F.Supp.3d at 1055,

6

citing Richard, 24 So.3d at 296 ("The tort of trespass has long been recognized by courts . . . as a means to correct the damage caused when an owner is unjustly deprived of the use and enjoyment of his immovable.")(citations omitted).  "In an action for trespass, . . . the plaintiff [must] show damages based on the result or the consequences of an injury flowing from the act of trespass."  Taylor, 332 F.Supp.3d at 1055, citing Harrington v. Abshire, 732 So.2d 677, 682 (La. App. 3 Cir. 1999).

**ANALYSIS**

In its motion, Bellsouth argues there is no genuine issue of material fact as to Holmes' claims of conversion and violation of Sections 206 and 207 of the Communications Act.  Bellsouth also moves for Holmes' trespass damages to be limited in scope to the evidence provided of minor inconvenience and sod removal by the placement of underground facilities.  Finally, due to its repeated failed attempts to remedy the trespass claim, Bellsouth seeks an order allowing access to Holmes' property to remove any facilities which fall outside of the utility easement.

**I.  Conversion**

In her Amended Complaint, Holmes alleges conversion.  See Record Document 6 at ¶ 7.  More specifically, she maintains that Bellsouth contractors, installers, and employees, "entered upon UNIT 27 and constructed impermissible surface and subsurface structures via a Fiber Optic Corridor . . . outside of any authorized easement without permission and against [her] will beginning January 13, 2023 and continuing."  Id.  She further alleges that "occupancy is hostile, and [she] has received no compensation for use of Unit 27."  Id.

Bellsouth now seeks summary judgment on Holmes' conversion claim because she has failed to present any evidence as to how her conversion cause of action would apply to the particular facts of the case because she alleges claims against her real property, not moveable property. See Record Document 49-1 at 6. Bellsouth moves to dismiss the conversion claim because Holmes will not be able to meet her burden of proof at trial regarding the conversion claim. See id. In response, Holmes asks the Court to deny the attempt to dismiss the conversion claim based on "cutting off a branch of a tree" and "the dirty deed" to her property. Record Document 51 at 1. She maintains that cutting trees without consent is conversion and "the plants, soil, grass and tree roots" were her personal property. Record Document 51-2 at 4. She generally references exhibits attached to her Amended Complaint in support of her conversion claims. See id. at 1.

In her Amended Complaint, Holmes' conversion claim simply referred to her property, i.e., Unit 27. There was no reference to movable property such as trees, roots, plants, grass, or soil. Instead, Holmes' allegation of a conversion claim based on the cutting of trees and branches and/or the digging up soil, plants, grass and roots was raised in response to Bellsouth's motion. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." Cutrera v. Bd. of Sup'rs of Louisiana State Univ., 429 F.3d 108, 113 (5th Cir. 2005), citing Fisher v. Metropolitan Life Ins. Co., 895 F.2d 1073, 1078 (5th Cir.1990). This rule encompasses "theories of liability" and "new factual theories supporting previously pleaded legal theories" not present in the complaint and raised first in an opposition to a motion for summary judgment. Ware v. U.S. Bank Nat. Ass'n, 131 F. Supp. 3d 573, 578 (S.D. Miss. 2015), citing Green v. JP Morgan Chase Bank, N.A.,

562 Fed.Appx. 238, 240 (5th Cir.2014) and Benavides v. EMC Mortg. Corp., Civil Action No. 3–12–46, 2013 WL 416195, at *4 (S.D.Tex. Jan. 31, 2013). These rules are "rooted in the need to provide adequate notice." Ware, 131 F. Supp. 3d at 578. Thus, the Court is within its discretion to disregard these new factual theories supporting Holmes' conversion claim.

Moreover, general reference to exhibits attached to the Amended Complaint with nothing more than statements such as "detached soil and plants from the earth by theft and destruction" and "severing grass and tree roots" does not articulate to this Court the precise manner in which such evidence supports a conversion claim. See Lewis v. Eye Care Surgery Ctr., Inc., No. CV 21-475-SDD-RLB, 2023 WL 8880348, at *2 (M.D. La. Dec. 22, 2023) (Non-movant must identify specific evidence in the record, and articulate the precise manner in which that evidence supports her claim. In the absence of proof, the Court will not assume the nonmovant could or would prove the necessary facts, and the mere argued existence of a fact dispute will not defeat a properly supported motion.). Thus, Holmes' attempt to expand her conversion claim to facts relating to something more than actions her against her real property is improper. Bellsouth's motion is **GRANTED** as to the conversion claim.

**II.     47 U.S.C. § 206 and 47 U.S.C. § 207**

In her Complaint, Holmes first references Section 206 and 207, stating:

> 47 U.S. Code § 206 – Carrier's liability for damages, 47 U.S.C. § 207 – Recovery of damages.

Record Document 1 at 3. In her Amended Complaint, she maintains that the Court has jurisdiction over her civil action because her claims arise under 47 U.S.C. § 206. See Record Document 6 at ¶ 6. She later seeks "damages pursuant to 47 U.S.C. § 206 and

9

47 U.S.C. § 207." Id. at ¶ 16.  Bellsouth now moves for summary judgment as to Holmes' claims under Sections 206 and 207, arguing she has failed to present any evidence as to how these statutes are applicable to her trespass claim.  The Court agrees.

Holmes makes scant reference to Sections 206 and 207 in her Amended Complaint.  In response to the Bellsouth's motion, she cites the "just and reasonable" provision of Section 201.  See Record Document 51-2 at 2.  She also references the Section 202(c) penalty provision.  See id. at 3.  She maintains that "because trespass and failing to expropriate are unlawful unjust, and unreasonable practices contrary to and in defiance of Title 47 Common Carrier regulation, Bellsouths [sic] PSMJ . . . should be denied."  Id. at 3.  In her opposition, she further alleges "racial antics" and submits that "the unlawful act of conversion triggers additional 47 U.S.C. [§] 202 fines and penalties."  Id. at 4.

Holmes' complaint made no reference to Sections 201 and 202 or the phrase "just and reasonable."  Her new theories of liability and/or her new factual theories supporting her claims under Sections 206 and 207 were not raised until her opposition to Bellsouth's motion.  These new legal causes of action under Section 201 and 202 and/or new factual theories supporting her previously plead legal causes of action under Sections 206 and 207 are not properly before this Court. Thus, this Court will disregard such and Bellsouth's motion is **GRANTED** as to all of Holmes' claims under the Communications Act.

### III.  Trespass

Bellsouth has admitted that through its own investigation a portion of underground innerduct is several feet outside of the utility easement and is encroaching on the western side of Holmes' property.  Holmes has not provided any competent summary judgment,

10

such as a survey, demonstrating that any additional portion of underground innerduct is encroaching her property. In the instant motion, Bellsouth moves for Holmes' trespass damages to be limited in scope to the evidence provided of minor inconvenience and sod removal by the placement of underground facilities.

Damages for trespass are recoverable based on physical property damage, invasion of privacy, inconvenience, and mental and physical suffering. See Taylor, 332 F.Supp.3d at 1055, citing Richard, 24 So.3d at 296. Here, Holmes must show damages based on the result or the consequences of an injury flowing from Bellsouth's act of trespass. See Taylor, 332 F.Supp.3d at 1055, citing Harrington v. Abshire, 732 So.2d 677, 682 (La. App. 3 Cir. 1999). The Court agrees with Bellsouth's position that Holmes has wholly failed to provide any jurisprudence or evidence to support her exorbitant -- $75,000 per day – request for rental fees. Likewise, Holmes has come forward with no competent summary judgment evidence to support a claim for physical suffering/injury or invasion of privacy.

Conversely, the Court finds that the determination of damages based on physical property damage, inconvenience, and/or mental suffering – if any – and the issue of mitigation of damages are better deferred to the bench trial set in this matter. Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Bellsouth's motion as to the trespass claim. The motion is **GRANTED IN PART** because Holmes' trespass damages shall not include rental fees, claims for physical suffering, or claims for invasion of privacy. The motion is **DENIED** in all other respects because Holmes may present evidence as to her

11

property damage, inconvenience, and mental suffering which she alleges are a result or the consequences of an injury flowing from Bellsouth's act of trespass.[1]

As its final request, Bellsouth seeks an order allowing access to Holmes' property to remove any facilities which fall outside of the utility easement. Bellsouth seeks this relief because of its repeated failed attempts to remedy the trespass claim. In response, Holmes answered that she does not oppose Bellsouth's additional relief to remove its facilities. See Record Document 51-2 at 8. Yet, Holmes asks that the order to remove "include a stipulation to obtain proper permits and locators, or remove everything." Id. The Court believes it is proper at this stage to **GRANT** Bellsouth's request in the instant motion to gain access to the property to remove its facilities. There will be further discussion about the contents of a "removal order" at the upcoming pretrial conference set in this matter.

## CONCLUSION

Based on the foregoing analysis, Bellsouth's Motion for Partial Summary Judgment and Request for Additional Relief (Record Document 49) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Holmes' claims of conversion and violation of 47 U.S.C. § 206 and 47 U.S.C. § 207. The motion is **GRANTED IN PART** as to Holmes' trespass claim in that such damages shall not include rental fees, claims for physical suffering, or claims for invasion of privacy. The motion is **DENIED** in all other respects as to the trespass claim because Holmes may present evidence as to her property damage, inconvenience, and mental suffering which she alleges are a result or

---

[1] The Court notes that in the recently filed Joint Witness List, Holmes indicated she would not be calling witnesses. See Record Document 53 at 1. Holmes is reminded that she will bear the burden of proving damages.

12

the consequences of an injury flowing from Bellsouth's act of trespass. Finally, the motion is **GRANTED** as to Bellsouth's request for an order allowing access to Holmes' property to remove any facilities which fall outside of the utility easement.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

The Court has previously stated there will be further discussion about the contents of a "removal order" at the upcoming pretrial conference set in this matter. Holmes and defense counsel shall also be prepared to discuss the revision of the proposed pretrial orders in light of the instant Memorandum Ruling.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 18th day of March, 2024.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE