UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PIA HOLMES | CIVIL ACTION NO. 23-0153 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BELLSOUTH TELECOMMUNICATIONS, LLC, DBA AT&T LOUISIANA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for an Interlocutory Appeal under 28 U.S.C. § 1292(b) filed by *pro se* Plaintiff Pia Holmes ("Holmes"). See Record Document 63. Holmes asks the Court to certify its March 16, 2024 Memorandum Ruling and Order (Record Documents 60 & 61), which dismissed portions of her case, for appeal pursuant to 28 U.S.C. § 1292(b).

Section 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order. See 28 U.S.C. § 1292(b). The decision to certify an interlocutory appeal is within the sound discretion of the district court. See Swint v. Chambers County Comm'n, 514 U.S. 35, 46, 115 S.Ct. 1203, 1210 (1995). The following three criteria should be used in determining whether a Section 1292(b) appeal is appropriate: (1) the order from which the appeal is taken must involve a controlling question of law; (2) there must be substantial grounds for a difference of opinion concerning the issue; and (3) an immediate appeal must "materially advance the ultimate termination of the litigation." Id. Each of these three requirements must be met for certification to be appropriate. See Complaint of L.L.P.&D. Marine, Inc., Nos. Civ.A. 97–1668, Civ.A. 97–2992, Civ.A. 97–3349, 1998 WL 66100, at *2 (E.D. La. 1998). Additionally, the moving party carries the burden of showing the necessity of an

interlocutory appeal. See Chauvin v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 06-7145 R(5), 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007). Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment." Clark-Dietz &Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983).

Holmes argues all three criteria are present for her tortious conversion, rent control and eviction, and common carrier claims against Bellsouth. However, Holmes' request for certification of appeal merely reiterates her previous arguments, which this Court has already rejected—in other words, Holmes appears to be challenging "the correctness of a judgment." See Clark-Dietz &Assocs.-Eng'rs, Inc., 702 F.2d at 68–69. Further, the Court finds that the Fifth Circuit policy disfavoring piecemeal appeals outweighs Holmes' concerns in this instance. See PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996); Meche v. Richard, No. CV 05-0385, 2007 WL 9813129, at *2 (W.D. La. July 6, 2007) (noting that "interlocutory appeals, of the nature requested here, represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals"). Here, the Court can articulate no hardship or danger that would warrant immediate appeal of these issues. See PYCA Indus., Inc., 81 F.3d at 1421. Thus, Holmes' Motion for Certification to Appeal under Section 1292(b) (Record Document 63) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 5th day of April, 2024.

_____
United States District Judge